No. 99-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 328

303 Mont. 56

15 P. 3d 400

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL BLYNN FIELDS,

Defendant and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Todd Glazier, Attorney at Law, Boise, Idaho

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General, Helena, Montana

Thomas J. Esch, Flathead County Attorney; Peter Steele,

Deputy County Attorney, Kalispell, Montana

Submitted on Briefs: December 7, 2000
Decided: Decmeber 14, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Michael Blynn Fields (Fields) was convicted by a jury of the offense of theft, a felony. The District Court, Eleventh Judicial District, State of Montana, sentenced Fields to a term of ten years for theft and a consecutive term of twenty years (ten of those suspended) as a persistent felony offender. Fields appeals from the designation as a persistent felony offender. We affirm.

¶2 The question presented is whether the District Court erred when it determined that the State had shown "good cause" under § 46-13-108, MCA, for seeking to increase Fields' penalty as a persistent felony offender, despite having not given notice of that intent at the omnibus hearing.

¶3 The relevant facts are as follows: On November 13, 1998, Fields was charged with felony theft and driving under the influence of alcohol, a misdemeanor. He pled not guilty. In October of 1998, the State informed Fields that it would pursue increased punishment of him as a persistent felony offender. However, in November 1998, the parties negotiated a plea agreement whereby the State agreed not to seek persistent felony offender status and also agreed to recommend a seven-year suspended sentence and to dismiss the driving under the influence of alcohol charge. Fields signed the plea agreement in November 1998. The State signed in December 1998. The omnibus status report was filed December 21, 1998.

¶4 Subsequently, in January of 1999, Fields informed the State that he would not abide by

the plea agreement and that he wanted a new attorney and a jury trial. Given this development, the State took the position that the agreed-upon recommendation was no longer binding and that the State would reinstitute its intent to seek persistent felony offender status. The court agreed that there was good cause for allowing the State to seek increased punishment under § 46-18-502, MCA. Thus, on March 10, 1999, the State filed a notice of intent to seek designation of Fields as a persistent felony offender. Fields was then tried by a jury and convicted. The District Court sentenced Fields to ten years for felony theft plus a consecutive term of twenty years, ten suspended, as a persistent felony offender.

¶5 Fields argues that the persistent felony offender designation must be set aside because the State did not comply with the dictates of § 46-13-108, MCA, which provides as follows:

> Notice by prosecutor seeking persistent felony offender status. (1) Except for good cause shown, if the prosecution seeks treatment of the accused as a persistent felony offender, notice of that fact must be given at or before the omnibus hearing pursuant to 46-13-110.

¶6 The determination of whether "good cause" exists is a question of law. We review a district court's conclusions of law to determine whether those conclusions are correct. Hale v. Royal Logging, 1999 MT 302, 297 Mont. 165, 990 P.2d 1245.

¶7 Fields points out, correctly, that as of the December 21, 1998 omnibus status report, the State had not given notice that it was going to seek persistent felony offender status. The status report makes no mention of such an intention.

¶8 The State argued that the reason it did not indicate an intent to seek persistent felony offender status in the omnibus status report was that, as of that date, a plea agreement was in place and the agreement did not contemplate such a designation. The State contends, however, that, in January of 1999, when Fields rescinded the plea agreement, the terms of the agreement were no longer binding and, at that point in time, the State had "good cause" for filing a belated notice of intent to seek persistent felony offender status. The District Court agreed.

¶9 In challenging the existence of good cause, Fields argues that "[n]owhere in the Plea Agreement did the State promise not to seek a persistent felony offender status. Therefore,

the District Court's order to allow the State to seek Persistent Felony Offender status could not have been based on 'good cause.' " Fields seems to argue that, had the promise not to seek persistent felony offender status been contained in the written plea agreement, he would have honored the agreement rather than opt for a jury trial.

¶10 We find Fields' argument lacking in logic. The plea agreement provides that, in consideration of Fields' entry of a plea of guilty to the charge of felony theft, "the County Attorney agrees to recommend a seven (7) year suspended sentence" and to dismiss the charge of driving under the influence of alcohol. Further, the agreement provides that "[n]o additional promises, agreements or conditions have been entered into other than those set forth in this plea agreement." The terms of the agreement, as spelled out above, obligated the State to recommend a specific sentence and no other. That sentence was a suspended sentence of seven years. By omitting any reference to persistent felony offender status, the agreement precluded the State from seeking that designation. We find no merit to Fields' contention that, due to the alleged incomplete nature of the agreement, he was put at risk of being designated a persistent felony offender and was thus justified in repudiating the agreement.

¶11 The District Court correctly concluded that, under § 46-13-108, MCA, there was "good cause" for allowing the State to file its intent to seek persistent felony offender status when Fields, after the omnibus hearing, decided not to follow through with the plea agreement.

¶14 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY